J-S46019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JEROME WILLIAMS | |
| Appellant | No. 2184 EDA 2015 |

Appeal from the Judgment of Sentence April 17, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0015556-2013

BEFORE:  BENDER, P.J.E., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                           **FILED JULY 26, 2016**

Jerome Williams appeals from the judgment of sentence imposed on April 17, 2015, in the Court of Common Pleas of Philadelphia County, made final by the denial of post-sentence motions on June 24, 2015. On January 30, 2015, a jury convicted Williams of third-degree murder, carrying a firearm in a public place, and possessing the instrument of a crime.[1] The trial court sentenced Williams to an aggregate term of 25 to 50 years' imprisonment. This timely appeal followed.[2] On appeal, Williams raises the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502(c), 6108, and 907(a), respectively.

[2] On July 23, 2015, the trial court ordered Williams to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On August 10, 2015, the trial court granted Williams a continuance allowing him to file his concise statement after the 21 day period allowed by

*(Footnote Continued Next Page)*

following two issues: (1) whether there was sufficient evidence to convict him of third-degree murder; and (2) whether the verdict was against the weight of the evidence. After a thorough review of the submissions by the parties, the certified record, and relevant law, we affirm the judgment of sentence.

The trial court described the facts as follows:

[O]n May 20, 2012, on the 4600 block of North Sydenham Street in Philadelphia, Police Officers Ammounes, McKenna, Ryan and Martinson arrived at the scene after receiving numerous calls referencing gunshots fired in the area and a male 'down'. (N.T. 1-21-15, pp. 29-33, 51-55). The officers found Shanik Gantt bleeding on the sidewalk. The officers scooped up Gantt and took him to the hospital in their patrol car. Unfortunately, Mr. Gantt did not survive his injuries. (N.T. 1-21-15, pp. 29-33). On the 1600 block of Courtland Street, around the corner from where Mr. Gantt collapsed, shell casings were found, along with a sneaker near a couple of cars that had been struck by gunfire and casings. (N.T. 1-21-15, pp. 54-58).

Jasmine Clark testified that on the day Gantt was killed she had spoken to [Williams] on the phone, that [Williams] admitted to having a 'beef' with [Sheem], and that [Williams] called Ms. Clark and told her "…Shanik is down here. Tell Shanik to stay out of it. This beef isn't with him. It's with Sheem." (N.T. 1-22-2015, pp.29-30). After the shooting, [Gantt] called Ms. Clark asking for help, that he had gotten shot. (N.T. 1-22-2015, pp. 16-17).

The prosecution also presented Rasheem Graham, a friend of the victim, who was with [Gantt] when he was killed, and whom the state believed was the intended target of the shooting. [Graham] testified that shots were fired at them that night on Courtland Street. (N.T. 1-26-15, pp. 5-9). In his interview with the police, Graham stated that he saw five males, and identified [Williams]

*(Footnote Continued)* ───────────────

Pa.R.A.P. 1925(b). Williams complied with the trial court's directive, and filed a concise statement on September 3, 2015.

as having a gun, and pointing it in their direction before the shooting started. (N.T. 1-26-15, pp. 29-32).

Renada Council was an eyewitness to the shooting, who told the police that she saw [Williams] and several other males from when they began following Gantt and Graham. Ms. Council told the detectives that Williams "pulled out a gun and started shooting as he was walking towards Shanik and Sheem" and then [Gantt] pulled out a gun and started shooting back at [Williams]. (N.T. 1-22-15, pp. 107-108). [Ms.] Council further identified a photograph of [Williams] during her police interview adding that Williams was "the person shooting at Shanik when he was killed." (N.T. 1-22-15, p. 123). Ms. Council did not see anyone else with a gun that night. (N.T. 1-22-15, p. 142).

Special Agent William Shute of the Federal Bureau of Investigation testified as to the cell site analysis performed in this case identifying [Williams]'s cell phone as being in the area of the murder on the date and time of the shooting. (N.T. 1-28-2015, pp. 71-81).

Lastly, Detective Dunlap presented video footage of the crime scene showing figures running from the scene, and police arriving at the scene a few minutes later. (N.T. 1-29-15, pp. 16-18).

Trial Court Opinion, 11/19/2015 at 4-5.

In his first issue, Williams claims that conflicting testimony amounts to insufficient evidence to prove he was the shooter at the scene of the murder.[3] Williams's Brief at 9-10. In this regard, Williams's argument for insufficiency more resembles one against the weight of the evidence. **See Commonwealth v. Griffin**, 65 A.3d 932, 939 (Pa. Super. 2013) (argument directed to credibility challenges weight, not sufficiency of the evidence).

_____

[3] Williams does not, as in a more traditional sufficiency argument, claim that an element of third-degree murder is missing from this case. Instead Williams merely claims he could not be sufficiently identified as the shooter.

Further, as this Court has held, "a mere conflict in the testimony of the witnesses does not render the evidence insufficient because it is within the province of the fact finder to determine the weight to be given to the testimony to believe all, part, or none of the evidence." **Commonwealth v. Montini**, 712 A.2d 761, 767-768 (Pa. Super. 1998) (quotations and citations removed).

We address Williams's challenge to the weight of the evidence in his second claim. Nevertheless, to the effect Williams raises a sufficiency claim, we note:

> The standard of review for claims of insufficient evidence is well-settled. With respect to such claims, we consider the evidence in the light most favorable to the Commonwealth as verdict winner. In that light, we decide if the evidence and all reasonable inferences from that evidence are sufficient to establish the elements of the offense beyond a reasonable doubt. We keep in mind that it was for the trier of fact to determine the weight of the evidence and the credibility of the witnesses. The jury was free to believe all, part, or none of the evidence. This Court may not weigh the evidence or substitute its judgment or that of the factfinder.

**Commonwealth v. Devries**, 112 A.3d 663, 667 (Pa. Super. 2015) (citations omitted).

The trial court found:

> Reneda Council and Rasheem Graham were eyewitnesses to the shooting, both identifying [Williams] shooting at Graham and [Gantt], ultimately causing Shanik Gantt's death. The medical examiner identified the cause of death as multiple gunshot wounds and the manner of death homicide. Jasmine Clark testified that [Williams] called her immediately before the shooting telling her to get her boyfriend (Gantt) out of the area because Williams had a 'beef' with Graham, not her boyfriend. A

- 4 -

cell phone analysis showed that [Williams]'s phone was at the scene of the shooting, and a video was presented showing the murder.

Trial Court Opinion, 11/19/2015 at 6-7.

Contrary to Williams's assertion, both Council and Graham testified to his identity as the assailant. Accordingly, Williams's argument against the sufficiency of the evidence, claiming that conflicting testimony amounts to a failure to identify him as the shooter, must fail.

Williams's second issue presents a direct challenge to the weight of the evidence. Our standard of review for a challenge to the weight of the evidence is as follows:

> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:
>
> > Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. [**Commonwealth v.**] **Brown**, 648 A.2d [1177] at 1189 [(Pa. 1994)]. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. **Commonwealth v. Farquharson**, [354 A.2d 545] (Pa. 1976). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.
>
> [**Commonwealth v.**] **Widmer**, [744 A.2d 745] at 753 (emphasis added).
>
> This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a

challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice, or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias, or ill-will.

> *Widmer*, [744 A.2d at 753] (quoting *Coker v. S.M. Flickinger Co.*, [625 A.2d 1181], 1184-85 [(Pa. 1993)].

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013). Additionally,

> The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. A new trial is not warranted because of "a mere conflict in the testimony" and must have a stronger foundation than a reassessment of the credibility of witnesses. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. On appeal, our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock one's conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence. An appellate court may not reverse a verdict unless it is so contrary to the evidence as to shock one's sense of justice.

*Commonwealth v. Rosser*, ___ A.3d ___ [2016 WL 769485] (Pa. Super. 2016), *citing* *Commonwealth v. Gonzalez*, 109 A.3d 711, 723 (Pa. Super. 2015) (citations omitted).

Here, Williams similarly claims that the evidence presented fails to prove that any one person committed the murder, much less Williams himself. Williams's Brief at 12-13. While this Court cannot stand in place of the fact-finder, we do note that Graham testified that he saw Williams with a gun pointed in his and Gantt's direction. N.T., 1/26/2015 at 29. Council also identified Williams as the person shooting at Gantt when speaking with detectives. N.T., 1/22/2015 at 123. We agree with the trial court that "the jury, as fact-finder was entitled to believe what evidence they deemed appropriate. The verdict, in this case, was not so contrary to the evidence as to shock one's sense of justice[.]" Trial Court Opinion, 11/19/2015 at 7.

Accordingly, because Williams could reasonably be identified as the shooter by the jury, and because we can find no abuse of discretion by the trial court, we affirm the trial court's judgment of sentence of 25 to 50 years' imprisonment for third degree murder and related charges.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/26/2016